JUDGE SULLIVAN    **08 CIV 6584**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

RASHID A. WESTON,

              Plaintiff,

   -against-

CITY OF MIDDLETOWN, MIDDLETOWN POLICE
DEPARTMENT, P.O. CHRISTOPHER NEILSON
SHIELD #1188 and UNIDENTIFIED MIDDLETOWN
POLICE OFFICERS JOHN DOE #'s 1 through 6,

              Defendants.

Civil Action No.

Judge

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

RECEIVED JUL 24 2008 U.S.D.C. S.D. N.Y. CASHIERS

## JURISDICTION

1.     Jurisdiction is founded upon the existence of a Federal Question.

2.     This is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. Section 1983.

3.     Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3&4).

4.     Venue is appropriate pursuant to 28 U.S.C. Section 1391(b)(1&2).

5.     That this Court has jurisdiction to hear plaintiffs' state claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

6.     That the plaintiff, RASHID A. WESTON (referred to herein as "WESTON"), is resident of Orange County, State of New York.

7.     Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF MIDDLETOWN, was and still is a municipal corporation duly organized

and existing under and by virtue of the law of the State of New York, and that at all times relevant defendants, P.O. CHRISTOPHER NEILSON SHIELD #1188 and UNIDENTIFIED MIDDLETOWN POLICE OFFICERS JOHN DOE #'s 1 through 6 (hereinafter referred to as "MIDDLETOWN POLICE OFFICERS"), were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

8.      Upon information and belief, that at all times hereinafter mentioned, defendants, MIDDLETOWN POLICE OFFICERS, were employed by the defendant, CITY OF MIDDLETOWN, as members of its police department.

9.      Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF MIDDLETOWN, its agents, servants and employees operated, maintained and controlled defendant, MIDDLETOWN POLICE DEPARTMENT, including all the police officers thereof.

10.     That defendant, MIDDLETOWN POLICE DEPARTMENT, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and defendant MIDDLETOWN POLICE DEPARTMENT is responsible for the policies, practices and customs of the defendant MIDDLETOWN POLICE DEPARTMENT, as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

11.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York.

12.     Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

## STATEMENT OF FACTS

13.     On July 30, 2007, at approximately 3:45 a.m., the plaintiff, RASHID A.
WESTON, was lawfully present on or around 122 Tall Oaks Drive, Middletown, New York.

14.     That the plaintiff, WESTON, was approached and confronted by police officers of
the defendant MIDDLETOWN POLICE DEPARTMENT.

15.     That said defendant MIDDLETOWN POLICE OFFICERS thereafter illegally and
unlawfully stun-gunned, assaulted and battered the plaintiff WESTON, employing excessive
force throughout the incident despite having restrained the plaintiff.

16.     Thereafter, said defendant MIDDLETOWN POLICE OFFICERS forcefully
removed plaintiff WESTON from the incident location and falsely arrested him.

17.     Thereafter, said defendant MIDDLETOWN POLICE OFFICERS falsely
imprisoned plaintiff WESTON and deprived him of his civil rights, all without just and/or
probable cause.

18.     That the plaintiff WESTON sustained serious and permanent personal injury,
including pain and suffering, loss of enjoyment of life and other injuries.

19.     That on or about October 5, 2007, a Notice of Claim was served on defendants,
CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, and that as of this
date, plaintiff's demand for payment has not yet been addressed by the defendants.

20.     That a 50H Hearing was noticed and was not conducted pursuant to a stipulation
entered into with the attorney for defendants CITY OF MIDDLETOWN and MIDDLETOWN
POLICE DEPARTMENT and plaintiff's counsel on July 8, 2008 (a copy of the stipulation is
annexed hereto as Exhibit "A").

21.    That the state claims in this cause of action are commenced within one year and ninety days of when this cause of action arose and that the federal claims are brought in a timely manner within three years of the date they accrued.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF RASHID A. WESTON VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO 42 U.S.C. §1983 AND THE FOURTH AMENDMENT VIA THE USE OF EXCESSIVE AND UNREASONABLE FORCE

22.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

23.    That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force by the defendant MIDDLETOWN POLICE OFFICERS who excessively and repeatedly stun-gunned and assaulted plaintiff WESTON by striking him in the face and body with his body and other police equipment.

24.    That the said assault and batter of the plaintiff WESTON was effected by the aforementioned defendant police officers without authority of law and without any reasonable necessity to use any force much less the excessive force that he employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

4

25.    As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

26.    That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically requiring the plaintiff WESTON to receive medical treatment, was scarred and subjected to physical pain, humiliation, embarrassment, anxiety and was subjected to various ongoing physical and emotion harms.

27.    That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. §1983 AND THE FOURTH AMENDMENT BY DEFENDANTS
## I.E. MONELL CLAIM

28.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

29.    That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT.

30.    Defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT and MIDDLETOWN POLICE OFFICERS who were supervisors and final

decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the Constitution and law of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the defendant MIDDLETOWN POLICE OFFICERS in this case to engage in the above-mentioned conduct.

31.    Defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by the use of excessive and unreasonable force and in so failing, the defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, have caused, encouraged, condoned and allowed the defendants in this case, the defendant MIDDLETOWN POLICE OFFICERS, to engage in the aforementioned unlawful conduct without fear of consequence for their illegal acts which did cause the plaintiff WESTON to be subjected to deprivations of his civil rights.

32.    That the defendant municipalities, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, alerted to the possible use of excessive force by its police officers, by repeated complaints of the use of excessive force, exhibited deliberate indifference thereto in that it was obvious to defendants CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite of repeated complaints of civil rights violations, there have been no meaningful attempts on the part

of defendants CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT to investigate or forestall further incidents.

33.     That the defendant municipalities, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, have been alerted to the use of false criminal charges brought by its employee officers to cover up the use of excessive and unreasonable force by its police officers, and that the culture of bringing such false charges has been allowed to exist without repercussions to the officers who engage in such behavior.

34.     That by reason of the aforementioned, plaintiff WESTON was harmed physically requiring him to receive medical treatment, he was scarred, he was pecuniarily harmed and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms, as  plaintiff was falsely arrested, maliciously prosecuted and was otherwise harmed.

35.     That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA BATTERY

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

37.    That defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, are vicariously liable to the plaintiff for the individual defendant's common law torts via the principle of respondeat superior.

38.    That New York CPLR §1601 does not apply pursuant to the exception provided by CPLR §1601(1)(b).

39.    That on July 30, 2007, defendant, MIDDLETOWN POLICE OFFICERS committed a battery on plaintiff WESTON in that his touching of the plaintiff was harmful, unconsented, and unjustified and in so doing defendant violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

40.    That the aforementioned defendant police officer, in stun-gunning the plaintiff WESTON, committed a battery against the plaintiff.

41.    That the aforementioned defendant MIDDLETOWN POLICE OFFICERS, in hitting plaintiff WESTON in the face and body with their bodies and police equipment committed a battery against plaintiff WESTON.

42.    That by reason of the acts of battery committed against the plaintiff, plaintiff was harmed physically requiring him to receive medical treatment, he was scarred and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms.

43.    That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER
## THE COMMON LAW OF THE STATE OF NEW YORK
## VIA ASSAULT

44.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

45.    That on the aforementioned date, time and place, the defendant, MIDDLETOWN POLICE OFFICERS, committed the tort of assault against plaintiff WESTON by causing him to be in apprehension of imminent, harmful and offensive touching and in so doing, defendants violated the laws and Constitution of the State of New York and otherwise violated plaintiff's rights under New York law.

46.    That by reason of the aforesaid, committed by defendants, plaintiff WESTON suffered and continues to suffer emotional injuries and that he was otherwise damaged.

47.    That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, he is entitled to awards of punitive damage and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## PURSUANT TO NEW YORK STATE TORT CLAIM
## NEGLIGENT HIRING, TRAINING RETAINING

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

49.    That defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, were negligent, careless, reckless and deliberately indifferent in hiring,

retaining, improperly training and supervising, as and for its employee, the defendant, MIDDLETOWN POLICE OFFICERS; in that said defendants lacked the experience, deportment, ability and temperament to be employed by defendants CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT; in that said defendants failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendants, employees who lacked the mental capacity and the ability to function as an employee of same; in that said defendants failed to investigate the above named defendants' backgrounds and in that, said defendants hired and retained as employees of the MIDDLETOWN POLICE DEPARTMENT individuals who were unqualified in that the defendant MIDDLETOWN POLICE OFFICERS lacked the maturity, sensibility and intelligence to be employed when hired to be employees.

50.     That defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, failed to train its employees to control their tempers and exercise the proper deportment and temperament; to use force prudently and only when necessary, and to otherwise act as reasonably prudent police officers; and in that said defendants failed to give its employees proper instruction as to their deportment, behavior and conduct as representatives of their employer; and in that said defendants, its agents, servants and employees were otherwise reckless, careless, deliberately indifferent and negligent.

51.     That defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, hired as employees, violent persons with a propensity for violence.

52.     That defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, hired as employees, dishonest persons with a propensity for dishonesty.

10

53.     That the aforesaid occurrences and resulting injuries to plaintiff's mind, body and pecuniary harms therefrom, were caused wholly and solely by reason of the negligence of the defendants, CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, its agents, servants and employees, without any negligence on the part of the plaintiff contributing thereto.

54.     That by reason of the aforesaid, plaintiff was harmed physically requiring him to receive medical treatment, he was scarred and subjected to physical pain, humiliation, embarrassment, anxiety, and was subjected to various ongoing physical and emotional harms, plaintiff WESTON was pecuniarily harmed and was falsely arrested, maliciously prosecutes and otherwise harmed.

55.     That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. §1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
## VIA FALSE ARREST

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

57.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff WESTON was falsely arrested by the defendants.

11

58.    That the defendants confined the plaintiff WESTON, in that plaintiff was not free to leave; defendants intended to confine plaintiff, plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

59.    As a direct result of defendants' actions, plaintiff WESTON was deprived of his rights, privileges and immunities under the Fourth and Fourteenth Amendments of the United States Constitution being more particularly plaintiff's right to be free from arrest without probably cause.

60.    That the said false arrest was caused by the defendants, without any legal justification, without authority of the law and without any reasonable cause of belief that the plaintiff was in fact guilty of crimes.

61.    That various defendant MIDDLETOWN POLICE OFFICERS who knew of the false arrest and allowed the illegal detention of the plaintiff to continue, are liable to the plaintiff via their failure to act pursuant to their affirmative duty to intervene.

62.    That various defendants, MIDDLETOWN POLICE OFFICERS who are supervisors within the defendant MIDDLETOWN POLICE DEPARTMENT, who knew of the false arrest and continued to allow and/or order the illegal arrest of the plaintiff and who either directly participated in the violation of plaintiff's rights or who after learning of the violation failed to remedy the wrong, are liable to the plaintiff WESTON for the violation of his rights pursuant to the Fourth Amendment.

63.    That by reason of the unlawful arrest, plaintiff was subjected to an illegal confinement, forced court appearances, incurred emotional harms., suffered pecuniary harms, humiliation, mental anguish, embarrassment, anxiety, his reputation in the community was

12

impaired and he was prevented from performing his necessary affairs of business and that he was otherwise injured.

64.     That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF RASHID A. WESTON
## VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. §1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS
## VIA MALICIOUS PROSECUTION

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

66.     That the plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff WESTON was maliciously prosecuted by the defendants.

67.     That said malicious prosecution was initiated by the defendants, their agents, servants and employees, without any legal justification and without probable cause in that the defendants caused the commencement and continuation of criminal proceedings against the plaintiff and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

68.     That by reason of the unlawful malicious prosecution, the plaintiff was subjected to pecuniary harms, great indignities, humiliation, mental anguish, embarrassment and anxiety,

and he was forced to spend time in jail as well as being forced to make court appearances, and he was subjected to numerous other harms.

69.    That all the defendants herein who knew of the commencement and continuation of the malicious prosecution of the plaintiff are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

70.    That defendant MIDDLETOWN POLICE OFFICERS, who are supervisors within the defendant MIDDLETOWN POLICE DEPARTMENT, who knew of the malicious prosecution and continued to allow and/or participate in the prosecution of the plaintiff and who either directly participated in the violation of plaintiff's rights or who, after learning of the violation, failed to remedy the wrong, are liable to the plaintiff for violation of his rights pursuant to the Fourth Amendment.

71.    That by reason of the aforesaid, the plaintiff WESTON has been damaged in a sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS, he is entitled to an award of punitive damages and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

WHEREFORE, plaintiff RAHSID A. WESTON, demands judgment against the defendants CITY OF MIDDLETOWN and MIDDLETOWN POLICE DEPARTMENT, P.O. CHRISTOPHER NEILSON SHIELD #1188 and UNIDENTIFIED MIDDLETOWN POLICE OFFICERS JOHN DOE #'s 1 through 6, in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS and punitive damages on the First Cause of Action; in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action; in a sum

14

not to exceed FIVE MILLION ($5,000,000.00) DOLLARS on the Third Cause of Action; in a

sum not to exceed ONE MILLION ($1,000,000.00) DOLLARS and punitive damages on the

Fourth Cause of Action; in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS on

the Fifth Cause of Action; in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00)

DOLLARS on the Sixth Cause of Action; in a sum not to exceed ONE MILLION

($1,000,000.00) DOLLARS and punitive damages on the Seventh Cause of Action; along with

reasonable attorney's fees pursuant to 42 U.S.C. §1988 on all causes of action, together with

costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and

such other and further relief as this Court may deem just and proper under the circumstances.

Dated: Cold Spring Harbor, New York
        July 2/ , 2008

                          BARON & PAGLIUGHI, PLLC


                          PETER D. BARON (PB8519)
                          85 Main Street – Suite A
                          Cold Spring Harbor, New York 11724
                          (631) 367-7000

15

Exhibit A

```
--------------------------------------------------------X
```
IN THE MATTER OF THE CLAIM OF

RASHID A. WESTON,

                 Claimant,                       STIPULATION

           -against-

CITY OF MIDDLETOWN, et al.

                 Respondent.
```
--------------------------------------------------- ------------X
```

       IT IS HEREBY STIPULATED AND AGREED by the attorney for the above-named claimant(s) and the City of Middletown that:

1)    The examination pursuant to General Municipal Law 50-H of the above named claimant(s) last scheduled for _June 25, 2008_, is hereby adjourned at the claimant's request. In particular the claimant alleges that he/she is unable to attend the hearing due to unresolved pending criminal charges .

2)    Claimant shall be responsible for notifying the City of Middletown as soon as claimant is available to appear and give testimony at said hearing. The hearing shall be rescheduled for the earliest possible date available to the City of Middletown.

3)    Claimant may commence an action against the City of Middletown, et al. on the above claim within the applicable statue of limitations prior to the City of Middletown conducting an oral or physical examination of claimant pursuant to GML 50-H.

4)    If claimant commences an action against the City of Middletown and/or any of its agents, servants or employees, issue shall not be joined and the defendant(s) time to serve an Answer shall extend until 30 days after the completion of the 50-H.

5)    All disclosure with regard to the above-referenced claim shall be stayed until the examination of the claimant pursuant to GML 50-H is completed and issue is joined.

6)    Nothing herein shall be construed as a waiver of the City of Middletown's rights pursuant to GML 50-H.

Dated: Cold Spring Harbor, New York
           July 8, 2008

BY: _Baron & Pagluighi, PLLC_                   _Alex Smith_
Attorney for Claimant                      Attorney for Respondent
Rashid A. Weston                         City of Middletown

Index No.                                              Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RASHID A. WESTON

*Plaintiff(s)*

-against-

CITY OF MIDDLETOWN, MIDDLETOWN POLICE DEPARTMENT,
P.O. CHRISTOPHER NEILSON SHIELD #1188 and UNIDENTIFIED MIDDLETOWN
POLICE OFFICERS JOHN DOE #'S 1 through 6,

*Defendant(s)*

## COMPLAINT

**Baron & Pagliughi, PLLC**
*Attorneys for Plaintiffs*
*Office and Post Office Address, Telephone*
85 Main Street, Suite A
Cold Spring Harbor, New York 11724
(631) 367-7000

To
     Attorney(s) for

Service of a copy of the within                                      is hereby admitted.

Dated:

                         Attorney(s) for    ...............................................................

Sirs:

      **PLEASE TAKE NOTICE**

☐    NOTICE OF ENTRY that the within is a (certified) true copy of a                    duly entered in the
     office of the Clerk of the within named court on

☐    NOTICE OF SETTLEMENT that an Order of which the within is a true copy of will be presented for settlement to
     the HON.                         , one of the judges of the within named court at
     on        at

Dated:

                              Yours, etc.,

                              Baron & Pagliughi, PLLC
                              *Attorneys for Plaintiff(s)*
                              *Office and Post Office Address, Telephone*
To                            85 Main Street, Suite A
                              Cold Spring Harbor, New York 11724
                              (631) 367-7000